UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD PERRY,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 2:17-12718
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**: The Court should dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2, without prejudice, for failure to prosecute.

**II.**    **REPORT**

      Plaintiff, Reginald Perry, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") disallowing benefits under the Social Security Act. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

      **A.**    **Background**

On August 18, 2017, Plaintiff, Reginald Perry, proceeding without the assistance of counsel, filed this action seeking judicial review of the final decision of the Commissioner of Social Security. (DE 1.) The Court granted Plaintiff's application to proceed without prepaying fees or costs and request for service of the complaint on August 21, 2017. (DEs 5, 6.) On December 1, 2017, the Commissioner of Social Security filed an answer and a certified copy of the transcript of the Social Security proceedings. (DEs 13, 14.) Thereafter, the Court issued a scheduling order. (DE 15.) Pursuant to that Order, Plaintiff's motion for summary judgment was due by January 8, 2018, with the Commissioner being required to file her own motion for summary judgment the following month. (*Id.*)

However, Plaintiff did not file a motion for summary judgment, nor did he seek any extensions of time. On January 17, 2018, the Court entered an Order regarding Plaintiff's failure to comply with the scheduling order, and requiring him to show cause, in writing, on or before January 23, 2018, why this case should not be dismissed for failure to prosecute. (DE 16.) Plaintiff again failed to respond to the Court's order. Accordingly, on January 29, 2018, the Court entered an Order requiring Plaintiff to appear in person on Friday, February 9, 2018 at 10:00 A.M., at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 624, Detroit, Michigan, to show cause why this case should not be dismissed for failure to prosecute. (DE 17.) The Court admonished

Plaintiff in that Order that he should be prepared to show cause as to why the Undersigned should not recommend dismissal of this action for his repeated failure to read orders, maintain communication with the Court and comply with deadlines, including the deadline for filing his brief on the merits. The Court further warned Plaintiff that his failure to comply with this Order could result in a Report and Recommendation that this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2. (*Id.*) Because the Court was closed on February 9, 2018 due to inclement weather, that hearing was rescheduled to Friday, February 23, 2018. (DE 18.)

On February 23, 2018, Plaintiff appeared in person, and also filed a response to the show cause order. (DE 19.) Plaintiff explained that he did not file his motion for summary judgment, or respond to the Court's prior show cause order, because he had a respiratory infection and had issues with his back, and also because he was proceeding without the assistance of counsel and did not understand the Court's rules and procedures. Plaintiff apologized for his failure to timely comply with the Court's orders, asked the Court to extend the deadline for filing his motion for summary judgment and indicated that he may attempt to secure representation.

On February 26, 2018, the Court entered an Order vacating the order to show cause and finding that Plaintiff made a showing of good cause to extend the

deadlines. (DE 20.) The Court again set a briefing schedule for the remainder of this action, ordering that Plaintiff's motion for summary judgment be filed by April 11, 2018. (*Id.*) Plaintiff was expressly instructed to read and follow the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, and my Practice Guidelines. He was further admonished to read and comply with all Court Orders. The Court's February 26, 2018 Order also expressly warned Plaintiff that **"there will be no further extensions of time in this matter."** (*Id.* (emphasis in original).)

To date, Plaintiff has not filed his motion for summary judgment, sought to explain why he has again missed the briefing deadline or otherwise contacted the Court regarding this case.

### B.     Standard

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

4

supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### C. Discussion

#### 1. Dismissal under Rule 41(b)

In the instant case, the record demonstrates such delay and contumacious conduct. After Plaintiff failed to file his motion for summary judgment, the Court issued an Order to Show Cause, warning him that his failure to file any further documents by January 23, 2018 could result in a Report and Recommendation that the case be dismissed with prejudice pursuant to Rule 41(b) and E.D. Mich. LR

41.2. (DE 16.) After Plaintiff failed to respond to the show cause order, or even file anything with or contact the Court, the Court ordered Plaintiff to appear in person for a show cause hearing, and again warned Plaintiff that his failure to comply with the Order could result in a Report and Recommendation that the case be dismissed with prejudice pursuant to Rule 41(b) and E.D. Mich. LR 41.2. (DE 17.) Plaintiff did appear at the hearing, and the Court entered an Order directing Plaintiff to file his motion for summary judgment by April 11, 2018. (DE 20.) The Order expressly warned Plaintiff that there would be no further extensions of time in this matter. (*Id.*) The Court's multiple orders thus provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with multiple reasonable periods of time to comply. Plaintiff did not file his motion for summary judgment as required by the February 26, 2018 Order, or otherwise contact the Court in any manner in the time provided. Because Plaintiff has missed multiple deadlines and disregarded multiple Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b) and E.D. Mich. LR 41.2, without prejudice.

### 2. Plaintiff's complaint fails to show he is entitled to remand

Given Plaintiff's *pro se* status, his filing of a complaint, and the harshness of a dismissal for want of prosecution, I have also briefly reviewed the administrative record and the administrative law judge's (ALJ) decision for obvious error, and have found no obvious error. ALJ Crystal L. White-Simmons found in her June 15, 2016 decision that Plaintiff's severe impairments of peripheral sensory neuropathy, diabetes mellitus, spine disorder, fibromyalgia, and osteoarthritis did not meet or medically equal a listing. (R. at 17-18.) Then, considering Plaintiff's testimony at the hearing, reports from consulting and treating physicians, and the record evidence, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work:

> Except that he can sit for six hours of the work day and stand and walk for four hours of the work day. He can lift and carry up to 20 pounds occasionally and 10 pounds frequently. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He is unable to work at unprotected heights. He is limited to frequent handling.

(*Id.* at 18-20.) ALJ White-Simmons found that "[d]espite [Plaintiff's] complaints of severe pain and symptoms, the record demonstrates largely normal findings" and that Plaintiff testified he had been working as a chess coach for the past two years, that he is able to walk his dog around the block three times a week, he attends church services weekly, and that it does not bother him to sit for hours at a time. (*Id.*) The ALJ then found that, through the date last insured of December 31, 2014, Plaintiff was capable of performing past relevant work as a risk manager,

7

and thus he was not disabled from November 30, 2014, the alleged onset date, through December 31, 2014, the date last insured. (*Id.* at 21.)

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).

Even reading Plaintiff's complaint liberally, Plaintiff has not pleaded that the ALJ's decision is not supported by substantial evidence or that he is otherwise entitled to remand. Plaintiff's complaint just broadly asserts that:

> New evidence that was not available had not been reviewed. Disk [sic] disease, inflammation, pain, numbness and tingling in the feet and back. No longer able to work at all now. Pain medication makes plaintiff drowsy. Plaintiff has headaches daily and sharp pain running up his arms.

(DE 1 at 3.) The Court can remand for further administrative proceedings pursuant to Sentence Six "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (6th Cir. 1996). Plaintiff has failed to assert a basis for a remand pursuant to Sentence Six of 42 U.S.C. § 405(g). Here,

8

Plaintiff fails to attach or even meaningfully describe any "new evidence" that he contends the ALJ did not consider or should have considered, much less plead that the evidence is "material" and that he has "good cause" for not presenting it earlier. He neither identifies what the new evidence is, nor explains when and how it was created or first came to light relative to his hearing before the ALJ, the Appeals Council decision, his onset date or his date last insured. Accordingly, in addition to Plaintiff's failure to prosecute this case, he has failed to meet his burden to plead a right to a remand and this matter should be dismissed without prejudice on that basis as well. Moreover, since a solid basis for remand is not evident on the face of the pleadings, and Plaintiff bears the burden of showing error at Steps 1 through 4 of the administrative adjudication process, the Court is in no position to undertake a meaningful review of the remand request without briefing from Plaintiff.

Finally, with respect to the other *Schafer* factors, the Undersigned finds that: (1) Defendant would be prejudiced by having to expend the time and effort necessary to prepare its own summary judgment motion, particularly without the benefit of knowing the specifics of the alleged error; (2) the party to be dismissed has been adequately warned that failure to cooperate could lead to dismissal; and (3) less drastic measures have previously been imposed or considered.

## G. CONCLUSION

For the reasons set forth above, Plaintiff's complaint should be dismissed without prejudice.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 26, 2018          s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 26, 2018, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti